IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RIDGMAR CROSSROADS CONDOS, INC., | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:17-CV-00123-O |
| SCOTTSDALE INSURANCE COMPANY and DAVID MORGAN, | | |
| Defendants. | | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand (ECF No. 9), filed January 5, 2017. The motion has been briefed and is ripe for review. Having considered the motion, the briefing, and the applicable law, the Court finds that Plaintiff's Motion to Remand (ECF No. 9) should be and is hereby **GRANTED**.

**I.    BACKGROUND**

The following facts are taken from Defendants' Notice of Removal and Plaintiff's Original Petition. ECF Nos. 1, 1-4. Plaintiff Ridgmar Crossroads Condos Inc. ("Ridgmar") is a Texas corporation that owns property in Fort Worth, Texas. This property is insured by Defendant Scottsdale Insurance Company ("Scottsdale"). On or about November 16, 2015, the property was damaged by a severe storm. Ridgmar filed a claim under its policy. Scottsdale[1] then assigned Defendant David Morgan, an adjuster, to inspect the property and adjust the claim. According to Ridgmar, Mr. Morgan arrived late in the day and only performed a cursory review on the damaged

---

[1] In its Original Petition, Ridgmar alleges that Safeco assigned Mr. Morgan to the claim, but the Court will assume that Ridgmar means Scottsdale.

property. Ridgmar also alleges, among other things, that Mr. Morgan conducted a substandard investigation, misrepresented the extent of the damages, and ignored certain damages to the roof of the property.

Ridgmar filed its Original Petition in Texas state court, alleging claims against Scottsdale and Mr. Morgan. Ridgmar brings claims under the Texas Insurance Code against Scottsdale and Mr. Morgan, and a claim for breach of contract against Scottsdale. Defendants timely removed this action to the United States District Court for the Northern District Court, Dallas Division, on the basis of diversity jurisdiction, alleging that Ridgmar improperly joined Mr. Morgan. Senior Judge Cummings then transferred the case to the Fort Worth Division, which is the proper venue.

Arguing that Mr. Morgan was not improperly joined, Ridgmar moves to remand this action back to state court. Ridgmar and Mr. Morgan are both citizens of Texas for purposes of diversity jurisdiction, and thus the Court would lack subject matter jurisdiction if Mr. Morgan was not improperly joined. Defendants oppose remand and argue that Ridgmar has failed to state a valid claim against Mr. Morgan. For reasons stated below, the Court concludes that Ridgmar has stated a claim against Mr. Morgan, and thus this Court lacks subject matter jurisdiction and must remand.

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.

1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question and complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Here, the removing Defendant has alleged only diversity of citizenship as a basis for this Court's jurisdiction. *See* Notice Removal ¶ 4, ECF No. 1. Courts can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought.[2] *See* 28 U.S.C. § 1441(b). If a non-diverse party is present in the action, the court may lack jurisdiction based on improper joinder.

B.   **Improper Joinder**

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the in-state defendants were improperly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). However, "if the plaintiff has stated a claim against a nondiverse defendant on which relief *may* be granted, a federal court is without . . . *diversity* jurisdiction [] over that claim and, by extension, over any claims." *Id.* To establish

---

[2] Neither party disputes that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been met in this case.

that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Int'l Energy Ventures*, 818 F.3d at 205; *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

At issue here is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures*, 818 F.3d at 207 (quoting *Smallwood*, 358 F.3d at 573). In doing so, a federal court must apply the federal pleading standard. *Id.* at 202 ("[T]he improper-joinder analysis in the context of removal and remand is solely about determining the federal court's jurisdiction . . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings."). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

### III.  ANALYSIS

Ridgmar moves to remand this action to state court, arguing that Mr. Morgan was properly joined. Defendants contend that Ridgmar has failed to state a valid cause of action against Mr. Morgan under a Rule 12(b)(6) analysis. Defendants also argue that, under Texas law, an individual adjuster may not be found liable under § 541.060; the Court will consider this argument first.

#### A.  Texas Insurance Code Claims Against Adjusters

There is a split within this circuit regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters. It is clear that Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. Tex. Ins. Code § 541.002(2). The Texas Supreme Court has "held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Roach v. Vehicle*, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998)). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Texas Insurance Code, and may be liable under it. *Roach*, 2016 WL 795967, at *4 (citing *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)). Likewise, "the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA." *Roach*, 2016 WL 795967, at *4 (citing Tex. Bus. & Com. Code § 17.46(b); Tex. Ins. Code § 541.151(2)).

From this, numerous courts have concluded that while an insurance adjuster may not be held personally liable for engaging in an unfair settlement practice under every provision of the Texas Insurance Code, an individual adjuster may be held liable under § 541.060(a)(2). *Gasch*, 491 F.3d at 282; *Roach*, 2016 WL 795967, at *5; *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 741 (S.D. Tex. 2010) ("Moreover, insurance adjusters are liable for their own conduct where it violates the Insurance Code."); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2–3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L,

2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.). Other recent decisions, however, have held that § 541.060(a)(2) does not apply to insurance adjusters personally. *See Messersmith v. Nationwide Mutual Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.), *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-CV-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.).

The divergence of these opinions center around the statutory interpretation of section 541.060(a)(2). Section 541.060(a)(2) provides that "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of [] a claim with respect to which the insurer's liability has become reasonably clear" is an "unfair or deceptive act or practice in the business of insurance." Tex. Ins. Code § 541.060(a)(2)(A). Those courts that hold an adjuster cannot be held liable under this provision read this language to mean an adjuster can never be liable because he has no authority to settle the case, which belongs to the insurance company, and the adjuster is only present to assess damages. *See Messersmith*, 10 F. Supp. 3d at 724; *Ministerio Int'l Lirios Del Valle*, 2016 WL 5791550, at *3. On the other side of the issue are those courts that believe this reading of the statute nullifies the phrase "effectuate a prompt … settlement." *Roach v. Vehicle*, 2016 WL 795967, at *5; *Denley Grp., LLC*, 2015 WL 5836226, at *4. These courts note that the term effectuate means to bring about, such that the phrase effectuate a prompt settlement "extends to all persons who play a role" in bringing about a settlement, which necessarily includes an insurance adjuster. *Denley Grp., LLC*, 2015 WL 5836226, at *4. Accordingly, these courts hold that a plaintiff is able to plead a cause of action against an adjuster.

While the Court recognizes there is a legitimate split within this circuit regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters, doubt as to the liability of an insurance adjuster under the Texas Insurance Code weighs in favor of remand. *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand."). Therefore, the Court engages in its 12(b)(6)-type analysis of Ridgmar's § 541.060(a)(2) claim against Mr. Morgan.

### B. Whether Ridgmar Has Stated Claim Against Mr. Morgan

#### 1. 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To satisfy the requirements of Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**2. Application**

Ridgmar alleges that Mr. Morgan conducted a substandard, outcome-oriented investigation, misrepresented the amount of damage, ignored or failed to look for or document damage, and completely disregarded personal property. Ridgmar provides specific facts its petition that, taken as true, would provide a basis for his claim. Section 541.060(a)(2)(A) provides a claim for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2). The Court finds that Ridgmar's allegations provide a reasonable basis for concluding that Ridgmar might recover against Mr. Morgan for failing to effectuate a fair settlement of a claim. *See Smallwood*, 385 F.3d at 573 (requiring a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant").

**V.   CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand (ECF No. 9) is hereby **GRANTED**. This case is **REMANDED** to the **236th District Court of Tarrant County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Tarrant County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED** on this **14th day** of **February, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**